# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GAGLIARDI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action 02-2035 |
| | ) | Judge Nora Barry Fischer |
| JOHN W. COURTER, *et al.*, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

Presently before the Court is *pro se* Plaintiff John Gagliardi's "Motion for Relief from Judgment or Order Rule 60(b)(1), (2), (3) & (5) or (6), F.R.Civ.P. for Newly Discovered Evidence of Fraud on the Court" (Docket No. 36) and Defendants' "Response to Motion for Relief from Judgment" (Docket No. 40). Upon consideration of the parties' submissions, and for the following reasons, Plaintiff's Motion [36] is denied.

In his motion, Plaintiff seeks to re-open this case – the sixth civil action Plaintiff had instituted as a result of a seizure of certain property of his business, U.S. Industrial Fabricators, Inc., by the Internal Revenue Service to collect unpaid unemployment taxes in 1991 – which was dismissed by the District Court on November 24, 2004 for failure to prosecute. *See Gagliardi v. Internal Revenue Service, et al.*, Civ. A. No. 02-2035, 2004 WL 3219006 (W.D.Pa. Nov. 24, 2004). The District Court denied Plaintiff's motion for reconsideration of the dismissal order on March 7, 2005, *see Gagliardi v. Internal Revenue Service, et al.*, 95 A.F.T.R.2d 2005-1648 (W.D.Pa. Mar. 7, 2005), and the District Court's decision to dismiss this case for failure to prosecute was affirmed by the United States Court of Appeals for the Third Circuit on August 16, 2005, *see Gagliardi v. Courter, et al.,* 144 Fed.Appx. 267 (3d Cir. 2005). No action was

taken in this case until Plaintiff filed the instant motion on December 8, 2010 – more than six years after the dismissal order was issued and more than five years after that decision was affirmed.

Plaintiff argues that this case should be reopened under Rule 60 of the Federal Rules of Civil Procedure, on the basis of alleged newly discovered evidence of fraud on the court. (Docket No. 36). Plaintiff claims that in November of 2010, he discovered that $5,500.00 in money orders he paid Internal Revenue Agents on January 12, 1991 to satisfy certain of his tax obligations were never cashed, as they were returned to his former attorney, Neil Price, in late 2010.[1] (*Id.*). In response, Defendants maintain that Plaintiff's motion is untimely under Rule 60(c)(1) and otherwise lacks merit. (Docket No. 40).

The Court agrees that Plaintiff's motion is untimely. Motions brought under Rule 60(b)(1), alleging mistake, inadvertence, surprise or excusable neglect, (b)(2), alleging newly discovered evidence, and (b)(3), alleging fraud, misrepresentation or misconduct by an opposing party, must be made "no more than a year after the entry of judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Motions brought under the other subsections of Rule 60(b) "must be made within a reasonable time." FED.R.CIV.P. 60(c)(1)(A). Our Court of Appeals has held that Rule 60(b) motions were not filed within a reasonable time which were submitted: almost two years after a judgment, *Moolenarr v. Govt. of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987); two and one-half years after a judgment, *Martinez-McBean v. Govt. of Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977); and, almost five years after a judgment, *Mikkilineni v. Gibson-Thomas Engineering Co., Inc.*, 379 Fed.Appx. 256, 259 (3d Cir. 2010). The motion in

---

[1] The Court notes that Mr. Price was suspended from the practice of law by the Commonwealth of Pennsylvania on June 24, 1999, and has not been reinstated. *See Office of Disciplinary Counsel v. Price*, 557 Pa. 166 (Pa. 1999).

2

this case was submitted six years after the initial judgment was entered and five years after that decision was affirmed on appeal, thus, it must be denied as untimely.

Even if Plaintiff could overcome this procedural hurdle, his motion lacks merit. Rules 60(b)(4) and 60(b)(5) have no application here because the judgment Plaintiff seeks to reopen is not "void" and also has not been "satisfied, released or discharged." *See* FED.R.CIV.P. 60(b)(4), (5). In addition, Plaintiff cannot demonstrate a right to relief from the judgment under the "catch-all" provision set forth in Rule 60(b)(6). *See Mikkilineni*, 379 Fed.Appx. at 259. Rule 60(b)(6) permits a district court to grant relief from a judgment for "any other reason that justifies relief." FED.R.CIV.P. 60(b)(6). "A litigant seeking relief under Rule 60(b)(6) must show that 'extraordinary circumstances' exist, which requires a showing of 'an extreme and unexpected hardship.'" *Johnson v. United States*, 375 Fed.Appx. 273, 275 (3d Cir. 2010) (not precedential) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)). Our Court of Appeals has reasoned that "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from a party's deliberate choices." *Budget Blinds, Inc.*, 536 F.3d at 255.

There are simply no extraordinary circumstances here. This case was dismissed because of Plaintiff's own fault – his failure to prosecute. Particularly, Plaintiff's failure to respond to a motion to dismiss within the time period ordered by the court or at all within three months after the deadline for the submission of his response had passed. *Gagliardi*, 2004 WL 3219006, at *1. To this end, in his dismissal order, the Honorable Thomas I. Vanaskie[2] noted, among other things, that: Plaintiff was "squarely" at fault for his failure to prosecute this action; he was "less than diligent in pressing this case"; this action was "baseless" because Plaintiff was previously

---

[2] At that time, Judge Vanaskie was Chief Judge of the United States District Court for the Middle District of Pennsylvania. He is now a Circuit Judge on the United States Court of Appeals for the Third Circuit.

3

enjoined from bringing further lawsuits against the named IRS Agents; and, this action was otherwise "unmeritorious" given that his claims against the remaining defendants were barred by sovereign immunity, judicial immunity, claim preclusion and/or the statute of limitations. *Id.* at *2. Considering the circumstances of the dismissal, and the Court of Appeals' affirmance of the District Court's dismissal order, Rule 60(b)(6) is inapplicable.

Finally, Plaintiff has not demonstrated fraud on the court which would permit the judgment to be set aside under Rule 60(d)(3). That Rule provides that Rule 60 "does not limit a court's power to … set aside a judgment for fraud on the court." FED.R.CIV.P. 60(d)(3). Fraud on the court is distinct from the type of fraud covered by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations described above. *See* FED.R.CIV.P. 60(b)(3); *see also Hobbs v. Pennell*, Civ. No. 87-285-GMS, 2009 WL 1975452, at *3, n.2 (D.Del. Jul. 8, 2009) (distinguishing fraud under Rule 60(b)(3) from fraud on the court under Rule 60(d)(3)). In order to prove fraud on the court, a party must show: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court," by clear and convincing evidence. *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005). This is a "demanding standard", reserved for "egregious misconduct", perpetrated by an "officer of the court." *Id.* The types of misconduct which constitute fraud on the court include bribery of jurors or a judge, or fabrication of evidence by attorneys, but do not include perjury by a witness. *Id.* Simply put, Plaintiff's allegations do not rise to the level of misconduct required to demonstrate fraud on the court.

Plaintiff also seeks relief on the basis of alleged newly discovered evidence. Specifically, he contends that the IRS Agents allegedly failed to cash his money orders in 1991 and apply the

4

proceeds to his tax delinquency and/or their defense counsel allegedly failed to advise him that the money orders were not cashed. (Docket No. 36). However, even if true, these alleged actions had no bearing on Judge Vanaskie's dismissal of Plaintiff's case for failure to prosecute. Indeed, had Plaintiff successfully defended the motion to dismiss to which he failed to respond, he may have discovered the information he purportedly only recently discovered during the formal discovery period in this case at Civil Action No. 02-2035. *See Emerson v. Thiel College*, 296 F.3d 184, 190-92 (3d Cir. 2002) (noting that a *pro se* plaintiff is personally responsible for prosecution of his case and acting with diligence); *see also Gagliardi*, 144 Fed.Appx. at 268 (holding that the district court did not err by concluding that Gagliardi was less than diligent in prosecuting this case).

For these reasons, IT IS HEREBY ORDERED that Plaintiff's "Motion for Relief from Judgment or Order Rule 60(b)(1), (2), (3) & (5) or (6), F.R.Civ.P. for Newly Discovered Evidence of Fraud on the Court" [36] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United State District Judge

Date: February 22, 2011

cc/ecf: All counsel of record.

cc: John Gagliardi, *pro se*
191 Wall Road
Jefferson Hills Boro, PA 15025